|   |   |
|---|---|
| 1 | Tyler A. Brown (SBN 121350) |
| 2 | Heidy A. Flores (SBN 298926) |
|   | JACKSON LEWIS P.C. |
| 3 | 725 South Figueroa Street, Suite 2500 |
|   | Los Angeles, California 90017-5408 |
| 4 | Telephone: (213) 689-0404 |
|   | Facsimile: (213) 689-0430 |
| 5 | Email: Tyler.Brown@jacksonlewis.com |
|   | Heidy.Flores@jacksonlewis.com |
| 6 | Attorneys for Defendant |
| 7 | AMERICAN BUREAU OF SHIPPING |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MITCHELL ALAN ANTUNOVICH, an individual, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. § 1441 (b)]** |
| vs. | [Filed Concurrently with Defendant's Notice of Interested Parties] |
| AMERICAN BUREAU OF SHIPPING and DOES 1 through 100, inclusive, | |
| Defendant. | Complaint Filed: 05/19/2020 |
|   | Trial Date: None Set |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

Defendant AMERICAN BUREAU OF SHIPPING ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and removes this action from state court to federal court pursuant to 28 U.S.C. section 1446(b). In support thereof, Defendant asserts:

1. On May 19, 2020, Plaintiff MITCHELL ALAN ANTUNOVICH ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles titled "*Mitchell Alan Antunovich, Plaintiff, vs. American Bureau of*

1

*Shipping and Does 1 through 100, inclusive, Defendants*" Case No. 20STCV19054 ("Complaint").

2. In his Complaint, Plaintiff asserts the following causes of action: (1) wrongful termination - public policy; (2) disability discrimination - Government Code Section 12940(a); (3) disability discrimination, failure to provide a reasonable accommodation - Government Code Section 12940(m); (4) disability discrimination, failure to engage in the interactive process - Government Code Section 12940(n); (5) age discrimination - Government Code Section 12940(a); (6) retaliation - Government Code Section 12940(h); (7) failure to prevent discrimination, harassment or retaliation - Government Code Section 12940(k); (8) unfair business practices; and (9) violation of California Family Rights Act. A true and correct copy of the Summons and Complaint, together with accompanying exhibits, is attached hereto as Exhibit "A."

3. Defendant filed and served an Answer to Plaintiff's Complaint in the Superior Court of the State of California in the County of Los Angeles on June 23, 2020. A true and correct conformed copy of Defendant's Answer is attached hereto as Exhibit "B."

4. This removal is timely because it is being filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the time period mandated by 28 U.S.C. section 1446(b).

5. Plaintiff's Complaint and Defendant's Answer represent all pleadings and other documents filed with the California Superior Court in this matter as of the date this Notice of Removal is filed.

**DIVERSITY JURISDICTION**

6. Defendant is informed and believes Plaintiff is, and was at all times relevant to this action, a citizen and resident of the State of California. *See* Complaint at paragraph 1.

7. Pursuant to 28 U.S.C. 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. American Bureau of Shipping ("ABS") is incorporated in, and under the laws of, the State of New York. Declaration of Vanessa Kogan, ¶ 2. Moreover, ABS maintains its principal place of

1 business in the State of Texas. Declaration of Vanessa Kogan, ¶ 3. Therefore, under 28 U.S.C.
2 1332 (c)(1), ABS is not a citizen of the State of California and complete diversity among the
3 parties exists.

4       8. The United States Supreme Court has specifically recognized a corporation's
5 "principal place of business" is its "nerve center" or the state where high level officers direct,
6 control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186
7 (U.S. 2010). In practice, a corporation's "nerve center" is generally its corporate headquarters,
8 provided that this is the actual center of direction, control, and coordination and is not simply an
9 office where board meetings are held. *Id.* at 1192. In evaluating where a corporation's "nerve
10 center" is located, courts will look to the center of overall direction, control, and coordination of
11 the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

12       9. At the time Plaintiff filed his Complaint, and currently, ABS' corporate
13 headquarters are located at 1701 City Plaza Drive, Spring, TX 77389. Declaration of Vanessa
14 Kogan, ¶ 3.

15       10. ABS' corporate officers are based out of, and for purposes of citizenship, reside at
16 its corporate headquarters in Spring, TX. Declaration of Vanessa Kogan, ¶ 3.

17       11. ABS' corporate officers, based out of Spring, TX, direct, control, and coordinate
18 ABS' services and overall business operations for its locations throughout the United States.
19 Therefore, in addition to citizenship in its incorporated state of New York, based upon the
20 location of its officers and directors, ABS' "nerve center" and principal place of business
21 establishes ABS is a citizen of the State of Texas.

22       12. The presence of doe defendants has no bearing on diversity with respect to
23 removal. 28 U.S.C. § 1441(a).

24 **AMOUNT IN CONTROVERSY**

25       13. When a plaintiff's state court complaint is silent as to the amount of damages
26 claimed, the removing defendant need only establish that it is more probable than not that the
27 plaintiff's claim exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life*
28 *Ins. Co.,* 95 F.3d 856, 860-61 (9th Cir. 1996). For unspecified claims, the court should not look to

the low end of the possible range of recovery but make a reasonable assessment of the rights being litigated. *Angus v. Shiley Inc.* 989 F.2d 142, 146 (3rd Cir. 1993).

14. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume plaintiff will prevail on each and every one of his or her claims and aggregate the damages for each claim. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes plaintiff prevails on liability)).

15. The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action as well as the relief sought and take judicial notice of awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases often exceed damages).

16. Based upon the nature of the causes of action set forth in Plaintiff's Complaint, Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount of this Court ($75,000.00) notwithstanding the fact the Complaint does not expressly set forth the approximate monetary amount of damages being sought. Specifically, as delineated in Plaintiff's Complaint (attached as Exhibit "A"):

    a. Plaintiff claims he has suffered general and special damages for various alleged violations of the California Government Code and state law (*See* paragraphs 56, 66, 75, 83, 91, 98, 105, 115, 119 and 127 of Complaint.)

    b. Plaintiff further seeks punitive damages (*See* paragraph 127 of Complaint.)

17. Plaintiff's causes of action for wrongful termination can independently satisfy the jurisdictional amount in controversy requirement. For example, under the California Fair Employment and Housing Act, lost earnings are generally calculated from the date of the adverse employment action through the date of judgment. California *Government Code* section 12965. Plaintiff claims his employment was terminated on April 1, 2019. Any judgment in this case likely will not be rendered, if at all, until late-2021. Thus, if successful, Plaintiff would seek at

1  least two years of lost earnings alone. Moreover, California decisions from the Fair Employment
2  and Housing Council provide for the recovery of future loss of earnings for at least one (1) or two
3  (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp* (1987)
4  FEHA Precedent Decision No. 87-03. Thus, if Plaintiff prevails on just his cause of action related
5  to wrongful termination, he would seek to recover between two (2) and three (3) years' worth of
6  wages alone which can independently satisfy the jurisdictional amount in controversy
7  requirement. At his last annualized salary of $104,208.00/year, just his backpay award could be
8  in excess of $75,000. Declaration of Vanessa Kogan, ¶ 4.

9      18. Importantly, Plaintiff also seek attorneys' fees and punitive damages. Although
10 Defendant strongly denies Plaintiff's allegations, if Plaintiff prevails on his claims and establishes
11 liability, an award of attorneys' fees and punitive of damages could satisfy the jurisdictional
12 amount in controversy requirement in and of itself. *See Guglielmino v. McKee Foods Corp.,* 506
13 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes
14 only 'interest and costs' and therefore includes attorneys' fees.")

15     19. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for
16 amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled
17 to recover the jurisdictional amount. *Anthony v. Security Pac. Fin. Serv.*, 20 F.3d 383, 386-87
18 (10th Cir. 1994).

## **REMOVAL JURISDICTION**

20     20. For all the foregoing reasons, this Court has original jurisdiction of this action
21 pursuant to 28 U.S.C. sections 1332(a), 1441(a) and (b), and 1446(a) and (b) because it is a civil
22 action between diverse citizens of different states, and the amount in controversy exceeds
23 $75,000.00 exclusive of interest and costs.

24     21. This Notice of Removal has been filed within thirty (30) days after Defendant was
25 first served with a copy of Plaintiff's Summons and Complaint and is, therefore, filed within the
26 time period mandated by 28 U.S.C. section 1446(b).

1  22. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state action was filed within this district, and it is the judicial district in which the action arose. *See* 28 U.S.C. section 84.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California in and for the County of Los Angeles be removed therefrom to this Court.

Dated: June 24, 2020            JACKSON LEWIS P.C.

By: s/Tyler A. Brown
Tyler A. Brown
Heidy A. Flores
Attorneys for Defendant
AMERICAN BUREAU OF SHIPPING

4813-3742-1761, v. 1

DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT [28 US.C. § 1441 (b)]            Case No.: